## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1414 | **DATE** | March 18, 2008 |
| **CASE TITLE** | U.S. ex rel. William F. Simpson Jr. (#B-50864) vs. Warden Donald Hulick, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of this petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]  Docketing to mail notices.

### STATEMENT

William F. Simpson, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges, on multiple grounds, his 1993 conviction for murder with intent to kill or injure.

The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred.

Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

      In this case, the petitioner filed a direct appeal; however, he indicates that he raised "no issues" and sought only a sentence reduction. The petitioner then waited until 2001 to file a post-conviction petition in state court. The post-conviction petition, the petitioner concedes, was dismissed as "untimely and frivolous." The federal petition for a writ of habeas corpus now before the court was received on March 10, 2008.

      An untimely post-conviction petition is not "properly filed." *See Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). The federal court must defer to the state courts' determination that the petitioner's post-conviction petition was untimely. *Id.* at 576. If a habeas petitioner were able to precipitate a new limitations period simply by filing a belated motion or post-conviction petition, that loophole would completely eviscerate A.E.D.P.A.

      The petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, the petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within twenty-one days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.