**FILED**
**MARCH 18, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

RECEIVED
Mar 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel. )
)
WILLIAM F. SIMPSON JR )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )
)
vs. )
)
WARDEN HULICK )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
**(Fill in the following blank only if judgment** )
**attacked imposes a sentence to commence** )
**in the future)** )
)
ATTORNEY GENERAL OF THE STATE OF )
)
ILLINOIS )
(State where judgment entered) )

08CV 1414
JUDGE CASTILLO
MAGISTRATE JUDGE BROWN

(Supplied by Clerk of this Court)

Case Number of State Court Conviction:

92-CF-876

# PETITION FOR WRIT OF HABEAS CORPUS - PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: WILL COUNTY COURT HOUSE 14, West Jefferson Street, Joliet, Illiois 60432

2. Date of judgment of conviction: October 28, 1993

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) Felony- Murder by way of Information

4. Sentence(s) imposed: 60 years

5. What was your plea? (Check one)   (A) Not guilty     ( X )
                                       (B) Guilty        (   )
                                       (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05



**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one): Jury ( ) Judge only (X)
2. Did you testify at trial? YES ( ) NO (X)
3. Did you appeal from the conviction or the sentence imposed? YES (X) NO ( )

    (A) If you appealed, give the

    (1) Name of court: Appelatte Court

    (2) Result: Denied

    (3) Date of ruling: Februrary 9, 1995

    (4) Issues raised: Time Reduction

    (B) If you did not appeal, explain briefly why not:

    Attorney said no issuses exisited, so he filed for a time reduction.

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X) NO ( )

    (A) If yes, give the

    (1) Result: Affirmed

    (2) Date of ruling: ? can not find it.

    (3) Issues raised: Time reduction

    (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (X)

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (x)  NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: <u>Circuit Court Of Will County</u>

   B. Date of filing: <u>November 9, 2001</u>

   C. Issues raised: <u>14th AMENDMENT & 6th Amendment & Illinois Constitutuional Violation's right to Due Process, Equel Protection and Ineffective Assistance of Counsel see Exhibit A Post Conviction relief.</u>

   D. Did you receive an evidentiary hearing on your petition?   YES ( )  NO (x)

   E. What was the court's ruling?  <u>Denied, untimely & frivous, without merit.</u>

   F. Date of court's ruling: <u>December 31, 2001</u>

   G. Did you appeal from the ruling on your petition?   YES (x)  NO ( )

   H. (a)   If yes, (1) what was the result?  <u>reversed</u>

          (2) date of decision:  <u>July 18, 2003</u>

     (b)   If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (x)  NO ( )

   (a)   If yes, (1) what was the result?  <u>Affirmed</u>

         (2) date of decision:  <u>November 29, 2007</u>

   (b)   If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )    NO ( X )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding          _____

   2. Date petition filed           _____

   3. Ruling on the petition        _____

   4. Date of ruling                _____

   5. If you appealed, what was
      the ruling on appeal?         _____

   6. Date of ruling on appeal      _____

   7. If there was a further appeal,
      what was the ruling ?         _____

   8. Date of ruling on appeal      _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?    YES ( )    NO (x)

   A. If yes, give name of court, case title and case number: _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling:  _____

      (2) Date:    _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    YES ( )    NO (x)

   If yes, explain: _____

Revised: 7/20/05

(A) Ground one 6th &14th Amendment and Illinois Constitutional right to due process and equel protect were violated: When the information by which the petitioner was charged failed to include every element " Accountability-aiding & abeting" as one of the count's that petitioner was going to have to defend himself against. Defendant has the right of every acused to prepare for any charges brought against him, here the state failed to do so by not chargeing the element Aiding & Abeting- "Accountability" as one of the listed charge's.

(B) Ground two 6th & 14th Amendment right to Effective Assistance of Counsel on Direct Appeal and Illinois Constitutional right to due process and equel protection of the law wre violated: When the Appellated Counsel failed to raise before the Appellate Court Justice, the fact that Residential Burglary could not be predicated offence to support a felony-murder conviction, were in Illinois at the time of trail & conviction 1992 & 1993 residental burglary could not support conviction.

(C) Ground three 6th & 14th Amendment and Illinois Constitutional right to due process & equel protection wrer violated: When the Illinois Appellate Court reccognized plan error in the information & conviction of the petitioner but failed or refused to grant relief, were at the time residentional burglary was not a predicated offence of felony-murder 1992 & 1993.

(5)

(D) Ground four 6th & 14th Amendment and Illinois Constitutional right to due process and equel protection oof the law and fundamental fairness has been violated: When all the element's necessary to commit the offence where not proven beyond a reasonable doubt, that in Illinois 1992 & 1993 to be convicted with an underlying felony, in this case I was charged with residentional burglary which is not an underlying felony for felony-murder conviction, therefore, conviction is for a crime I could not have committed base on the statutory element's required.

(E) Ground five 6th & 14th Amendment and Illinois Constitutional right to Effective Assistance of Counsel and due process and equel protection on direct appeal wrer violated: When Appellate Counsel failed to raise the fact that the state did not meet it's burden of proof beyond a reasonable doubt as to every element needed to convict petitioner, the state did not do so and appellate counsel failed to bring this before the appellate court, Also for the failure to raise all of the issuse's contained in this petition on direct appeal for the petitioner

(F) Ground six 6th & 14th Amendment and Illinois Constitutional right to due process and equel protection of the law and fundamental fairness has been violated: As a result of the accumulative effect of all the issuse's raised in the body of this petition under CAUSE & PREJUDICE.

(6)

Case 1:08-cv-01414    Document 6    Filed 03/18/2008    Page 7 of 16

(G) Ground Seven: 6th & 14th Amendment and Illinois Constitutional Right to due process and Equal Protection were violated:

When the state refused to supply transcripts of various proceedings " Most importantly Transcripts of confession which ultimately delayed the filing of my Post-Conviction relief, I suffered prejudice where the post was denied as untimely and delay was not due to my culpable negligence, I went the proper channels' first Appellate Counsel from February 1994-to-August 1996 see Exhibit 1,2,3, also from the circuit clerk & court from February 1997 to February 1998 in which I was given copies of the ones the state had all along, but stated they did have such transcript See Exhibit 4

For the reason mentioned in the body of this petition, the petitioner request that counsel be appointed for this petition, and an evidentiary hearing be held for the adjudication of these issues, there has never been one at the state level.
2. Have all grounds raised in this petition been presented to the highest court having jurisdiction? yes ( )  no(x)

3. If you answered "no" to question (2), state breifly what grounds were not so presented and why not: Ground (G) was not raised. I did not know that transcripts were considered at raise-able issues.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  DO NOT REMEMBER

(B) At arraignment and plea  DO NOT REMEMBER

(C) At trial  MARK A. LYON AND FRED SUDAK

(D) At sentencing  Mark A. Lyon

(E) On appeal  Stephen Omolecki on time reduction

(F) In any post-conviction proceeding  Julie Keller

(G) Other (state):  Appeal of Post-conviction Patrick M. Carmody

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____          _____
               (Date)                            Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_William F. Simpson Jr._
(Signature of petitioner)

B50864
(I.D. Number)

P.O. Box 711 Menard Illinois 62259
(Address)

Revised: 7/20/05

(8)

Exhibit 1

Case 1:08-cv-01414    Document 6    Filed 03/18/2008    Page 9 of 16

## OFFICE OF THE STATE APPELLATE DEFENDER
### Third Judicial District

**ROBERT AGOSTINELLI**
**Deputy Defender**

1100 Columbus Street
Ottawa, Illinois 61350-2107

Telephone: (815) 434-5531
Fax: (815) 434-2920

February 18, 1994

Mr. William Simpson
No. B50864
Box 711
Menard, Illinois  62259

Dear Mr. Simpson:

I received your recent letter in which you stated that you had not received your statement or exhibits. You also asked for a copy of the police report.

I do not know what you mean by "your statement". You are only entitled to receive a copy of the transcripts of what was said in court. You do not get the exhibits or the police reports. We do not even have the exhibits or the police reports.

Please let me know if you did not receive a copy of the transcripts and please feel free to contact me if you have any other questions.

Very truly yours,

STEPHEN OMOLECKI
Assistant Defender

SO:pjr
cc:

**Assistant Defenders**

| | | | |
|---|---|---|---|
| Verlin R. Meinz | Peter A. Carusona | Kenneth Brown | Joseph N. Ehmann |
| Frank W. Ralph | Stephen H. Omolecki | Mark D. Fisher | Thomas A. Karalis |

*Printed on Recycled Paper*

*Exhibit 2.*

Case 1:08-cv-01414   Document 6   Filed 03/18/2008   Page 10 of 16

## OFFICE OF THE STATE APPELLATE DEFENDER
### Third Judicial District

**ROBERT AGOSTINELLI**
Deputy Defender

1100 Columbus Street
Ottawa, Illinois 61350-2107

Telephone: (815) 434-5531
Fax: (815) 434-2920

April 27, 1994

Mr. William Simpson
B50864
Box 711
Menard, Illinois 62259

Dear Mr. Simpson:

    I received your recent letter. I do not have any police reports concerning your case. Police reports are not usually included in the record on appeal. I also do not have any written statements made by you. I have not yet reviewed the record in your case but, as far as I know, typewritten statements were not admitted into evidence against you. Instead, tape recordings of your statements were played during your trial. Those tapes have now been filed in the Appellate Court. As far as I know, the tapes were not transcribed. Thus, I cannot provide you with any typed statements.

    I hope that this letter answers your questions. If not, or if you have any other questions, please feel free to contact me.

Very truly yours,

STEPHEN OMOLECKI
Assistant Defender

SO:cw
cc:

---

**Assistant Defenders**

| | | | |
|---|---|---|---|
| Verlin R. Meinz | Peter A. Carusona | Kenneth Brown | Joseph N. Ehmann |
| Frank W. Ralph | Stephen H. Omolecki | Mark D. Fisher | Thomas A. Karalis |

*Printed on Recycled Paper*

Exhibit 3   Case 1:08-cv-01414   Document 6   Filed 03/18/2008   Page 11 of 16



# OFFICE OF THE STATE APPELLATE DEFENDER
## THIRD JUDICIAL DISTRICT

**ROBERT AGOSTINELLI**
Deputy Defender

1100 COLUMBUS STREET
OTTAWA, ILLINOIS 61350-2107

Telephone: (815) 434-5531
Fax: (815) 434-2920

August 21, 1996

Mr. William Simpson
No. B50864
Box 711
Menard, Illinois 62259

Dear Mr. Simpson:

    I received your recent letter. I no longer have access to the transcripts from your trial. However, I can tell you that the record on appeal did not contain transcriptions of your taped statements because I had to listen to the tapes themselves when I worked on your case. Thus, if the tapes were transcribed, you will have to obtain them from one of the parties that got a copy of them. Perhaps your trial attorney did not even keep the copies that he had in court when the tapes were played. Did he tell your parents that he had them. If not, you could contact the State's Attorney's office.

    I am sorry that I am unable to help you with this matter. If you have any questions, please feel free to contact me.

Very truly yours,

STEPHEN OMOLECKI
Assistant Defender

SO/wlw
cc

**Assistant Defenders**

| Verlin R. Meinz | Peter A. Carusona | Kenneth D. Brown | Joseph N. Ehmann | Tracy Mc Gonigle |
| Frank W. Ralph | Stephen H. Omolecki | Mark D. Fisher | Thomas A. Karalis | Ronald Packowitz |

*Printed on Recycled Paper*

# County of Will

14 W. JEFFERSON STREET
JOLIET, ILLINOIS 60432

**PAMELA J. McGUIRE**
CIRCUIT CLERK
TWELFTH JUDICIAL CIRCUIT

November 13, 1997

Mr. William Simpson, #B-50864
P. O. Box 711
Menard, IL   62259

RE:  92 CF 876, PEOPLE VS. WILLIAM SIMPSON

Dear Mr. Simpson:

This office is in receipt of your letter dated October 23, 1997 requesting transcripts of the tapes which you state were read in Court during your trial in this case.

You received a copy of all trial transcripts which were filed in this office as a part of the appeal which was filed pursuant to the Court's order on your behalf.

You may wish to contact the lawyer who represented you at your trial or you may also contact the State's Attorney's Office in Will County to inquire as to their knowledge with regard to the transcript.

If you have any questions, please contact this office.

Sincerely,

Pamela J. McGuire

PAMELA J. McGUIRE
CIRCUIT CLERK

PJM/ljh

cc:  Court file 92 CF 876

Exibit A

STATE OF ILLINOIS    )
                     )  SS
COUNTY OF WILL       )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,    )
                    Plaintiff,      )
                                    )
Vs.                                 )   Case No. 92 CF 876
                                    )
WILLIAM SIMPSON,                    )
                    Defendant.      )

NOTICE OF MOTION

TO:  Will County State's Attorney's Office
     121 N. Chicago Street, Joliet, Illinois 60432

YOU ARE HEREBY NOTIFIED that on the 15TH day of February, 2005 at 9:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Livas in courtroom 400 or any other judge as may be holding court in his absence, in the courtroom usually occupied by him in the Will County Courthouse, 14 West Jefferson Street, Joliet, Illinois and then and there present the attached PETITION FOR POST CONVICTION RELIEF and request hearing instanter, at which time and place you may appear if you so desire.

Respectfully submitted,
WILLIAM SIMPSON, Defendant

BY: _____Julie Keller_____
    JULIE KELLER

PROOF OF SERVICE BY HAND DELIVERY

On January 25, 2005, I, the undersigned, on oath/certify and state that I served this Notice and Motion by delivering a copy to the Will County State's Attorney's Office.

_____Kathy Coon_____

SUBSCRIBED AND SWORN TO BEFORE
me this ___ day of January, 2005.

_____Jennifer Chaparro_____
Notary Public

Official Seal
Jennifer Chaparro
Notary Public State of Illinois
My Commission Expires 10/09/06

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF WILL | ) |

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 92 CF 876 |
| | ) |
| WILLIAM SIMPSON, | ) |
| Defendant. | ) |

### PETITION FOR POST-CONVICTION RELIEF

NOW COMES, the Petitioner, WILLIAM SIMPSON, by and through his attorney, JULIE KELLER, Assistant Public Defender, and respectfully moves this Court pursuant to the Post-Conviction Hearing Act, 725 I.L.C.S. 5/122-1 et. seq. seeking post-conviction relief.

IN SUPPORT THEREOF, THE PETITIONER STATES:

1. That the Petitioner was convicted by way of a bench trial for the charges of first degree murder, felony-murder, and residential burglary, before the Honorable Judge Rodney B. Lechwar. On October 28, 1993, the Petitioner was sentenced to a term of 60 years in the Illinois Department of Corrections on the felony murder charge, following a merger of all other counts.

2. The Petitioner is now in the custody of the Illinois Department of Corrections, and is being housed at Menard Correctional Center.

3. The Petitioner has a documented learning disability, as was alluded to by the trial judge at the sentencing hearing. ( See Record of Proceedings 10/28/93, page 5)

4. The Petitioner, William Simpson's Sixth and Fourteenth Amendment rights under the Constitution of the United States, to due process of law and a fair trial were violated when the information by which the Petitioner was charged failed to include "accountability" as one of the elements that the Petitioner was going to have to defend himself against.

5. The Petitioner, William Simpson's Sixth and Fourteenth Amendment rights under the Constitution of the United States to due process of law and a fair trial were violated when the Prosecutor presented, and the trial judge convicted the Petitioner pursuant to the theory of "accountability", where 720 I.L.C.S. 5/5-3 clearly violates the Constitution of the State of Illinois and the United States Constitution.

6. The Petitioner, William Simpson's Sixth Amendment right to effective assistance of counsel on direct appeal, and his Fourteenth Amendment right to due process of law, were violated when Appellate Counsel failed to raise before the Appellate Court the fact that Residential Burglary is not a listed element for a forcible felony, therefore, the burden of proof for "felony-murder" was not met.

7. The Petitioner, William Simpson's rights to effective assistance of counsel on direct appeal were violated by appellate counsel's failure to raise all of the issues contained in this petition on direct appeal.

8. The Petitioner, William Simpson's Fourteenth Amendment right to due process of law and fundamental fairness was violated as a result of the cumulative effect of all of the issues raised in the body of this petition.

9. The Petitioner, William Simpson's Fourteenth Amendment right to due process of law and his Sixth Amendment right to effective assistance of counsel on direct appeal were violated when Appellate Counsel failed to raise the fact that the State did not meet it's burden of proof Beyond a Reasonable Doubt.

WHEREFORE, the Petitioner, WILLIAM SIMPSON, prays this Honorable Court grant him post-conviction relief pursuant to the constitutional issues contained herein, and that this Court grant any relief deemed fair and just in the spirit of the law.

Respectfully Submitted,
WILLIAM SIMPSON, Defendant

BY: _____
JULIE KELLER
Assistant Public Defender

JULIE KELLER
Assistant Public Defender
58 East Clinton, Suite 210
Joliet, Illinois 60432
(815) 521-0498
06225310

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

WILLIAM F. SIMPSON JR )
                Plaintiff, )
)
)
v. ) No. _____
)
)
WARDEN HULICK )
_____ ) The Honorable
)
_____ ) _____,
               Defendants. ) Judge Presiding.

## NOTICE OF FILING

TO:

CLERK OF THE UNITED STATES DISTRICT COURT,

PRISONER CORRESPONDENT, 219 South Deerborn Street,

Chicago Illinois 60604.

PLEASE TAKE NOTICE that on or before the __20__ day of __February__, __2008__, I shall file with the Clerk of the U.S. District Court For The __Northern__ District of Illinois, the attached Plaintiff's __HEBEAS CORPUS__ a copy of which is hereby served upon you.

By: WILLIAM F. SIMPSON JR
Register Number B# 50864
Post Office Box 711,
Menard, Illinois 62259

## CERTIFICATE OF SERVICE

I, __WILLIAM F. SIMPSON JR__, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the Menard Correctional Center on the __20__ day of __February 2008__, __2008__; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

                                                                  Affiant/