

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel.,) | | |
| WILLIAM F. SIMPSON JR, ) | | |
| Petitioner, ) | | **FILED** |
| ) | | |
| -vs- ) | No. 08 C 1414 | MAY 8 2008 *aew* |
| )` | | MaY 8 2008 |
| DONALD HULICK, Warden, ) | The Honorable | MICHAEL W. DOBBINS |
| ) | RUBEN CASTILLO | CLERK, U.S. DISTRICT COURT |
| Respondent, ) | Judge Presiding | |

**MOTION TO SHOW CAUSE WHY PETITIONER'S HABEAS CORPUS
PETITION SHOULD NOT BE DISMISSED**

The Petitioner was convicted following a bench trial for first degree murder, felony murder and residential burglary. Final Judgment was entered on the felony murder conviction only. The defendant was sentenced to a term of 60 years imprisonment. The defendant's sentence was affirmed by the Third District Appellate Court on February 9, 1995.

On October 29, 1996 the defendant filed a motion with the Circuit Court of Will County seeking an extension of time in which to file his petition for post conviction relief. This motion was denied on November 13, 1996 with leave to amend. On December 2, 1996 the defendant filed a motion to reconsider. The motion to reconsider was denied on December 30, 1996. The defendant filed a late Notice of Appeal on February 4, 1997. A Petition for post-conviction relief was filed on November 9, 2001 and was subsequently denied on December 31, 2001. On appeal the Third District

Appellate reversed that dismissal on July 18, 2003. The Circuit Court again dismissed the petition and the Third District Appellate Court affirmed that dismissal.

The Third District Appellate Court was split in their decision. The petitioner cannot present this issue any more eloquently or on point than The Honorable Justice McDade did in his dissenting opinion.

Justice McDade wrote:

"The majority has found that Simpson's delay in filing his amended post-conviction petition was due to his culpable negligence because his learning disability is not a reasonable explanation for his filing delay and because *People v Johnson*, 305 Ill. App. 3d 102, 711 N.E. 2d 787 (1999), did not issue a substantive change in law. Because I believe that Simpson has demonstrated an absence of recklessness on his part in the filing of his post-conviction petition, I respectfully dissent."

"As the majority notes, '"the "culpably negligent" standard contained in section 122-1(c) contemplates something greater than ordinary negligence and is akin to recklessness."' *People v. Rissley*, 206 Ill 2d 403, 420, 795 N.E. 2d 174, 183 (2003), quoting *People v Boclair*, 202 Ill. 2d 89, 106-08, 789 N.E. 2d 734, 744-45 (2002). What the majority fails to take into consideration, I believe, is that, in applying that definition and affirming the circuit court's denial of the State's motion to dismiss a petition on timeliness grounds in *Rissley*, our Supreme Court specifically found that the "[d]efendant's conduct cannot fairly be labeled blameable or censorious, nor can it be said that defendant's actions evince an indifferent to the consequences." *Rissley*, 206 Ill 2d at 421, 795 N.E. 2d at 184. In support of adhering to the *Boclair* definition of "culpable negligence" and applying it to the facts in *Rissley*, the court also cited *People v.*

4

*Kitchen,* 189 Ill. 2d 424, 435, 727 N.E. 2d 189 (1999) for the proposition that "'the Act should not be so strictly construed that a fair hearing be denied and the purpose of the Act, *i.e.*, the vindication of constitutional rights, be defeated.'" *Rissley*, 206 Ill. 2d at 421, 795 N.E. 2d at 184, quoting *Kitchen,* 189 Ill. 2d at 435, 727 N.E. 2d at 194. I believe the majority's application of the culpable negligence standard to the facts of the case at bar does precisely that."

"Applying the Supreme Court's clarified definition of 'culpable negligence' relative to the delay in filing a post-conviction petition to the facts of this case, with an eye toward the court's admonishment in *Kitchen,* I would find that Simpson's conduct was not blameworthy and does not evince an indifference to the consequences of any delay. I would, in fact, find the opposite to be true."

"The trial court convicted Simpson in August 1993. This court took one and a half years to affirm that conviction in February 1995. Simpson filed a motion for an extension of time to file a post-conviction petition in October 1996, and the circuit court denied his motion to reconsider its denial of that motion in December 1996. Simpson tried to appeal that order, then waited over a year, until February 1997, for the court to hear and deny his motion for an extension of time, for transcripts, and for the common law record. Even then, the court only ordered the State to turn over the transcript of his taped confession rather than all materials he requested and the court took no further action "'with respect to the notice of appeal.'"

"It is the height of hypocrisy for the courts to now tell Simpson that *he* was culpably negligent in filing his amended post-conviction petition. One wonders what sort of petition Simpson could bring armed not with the requested transcripts and common law

5

record but only the transcripts of his confession. Moreover, Simpson's appeal of the court's denial of his motion for more time to file any such petition has *never* been resolved."

"The *Rissley* court relied in part on the circuit court's finding there that "defendant and his direct appeal counsel 'were not acting in bad faith' with respect to preparing the petition for filing." *Rissley*, 206 Ill. 2d at 421, 795 N.E. 2d at 184. Here, the majority cites no evidence of Simpson's bad faith in preparing his November 2001 petition. In fact, the majority cites no evidence, nor do I believe that any exists, upon which to base a finding that Simpson was "blameable or censorious" or indifferent to the consequences of his delay. Instead, the majority simply concludes that Simpson's alleged learning disability is not a reasonable explanation for his filing delay. The majority reaches this conclusion without the benefit of a factual finding as to whether Simpson in fact has a learning disability."

"The majority holds that 'Simpson's conclusory assertion that he has a documented learning disability is insufficient to establish his delay was due to some reason other than culpable negligence.' While I recognize that the appellate court has held that '[a] petitioner has the burden of establishing that a delay in filing his post-conviction petition was *not* due to his culpable negligence,' (emphasis added) (*People v Rameriz*, 361 Ill. App. 3d 450, 453, 837 N.E. 2d 111, 116 (2005)). I believe the court must nonetheless find some affirmative evidence of culpable negligence exists where, as here, the petitioner has offered an unrefuted and I believe reasonable explanation for delay in filing. I base that conclusion on our supreme court's making clear that section 122-1 of the Act stands as a 'special 'safety valve' to 'afford a convicted person an opportunity to

6

present questions of deprivation of constitutional rights,' to ensure that those rights are vindicated, and its admonishment that the Act is to be liberally construed. *Rissley*, 206 Ill. 2d at 421, 795 N.E. 2d at 184, citing *People v Bates*, 124 Ill. 2d 81,88, 529 N.E. 2d 227, 230 (1988); *People v Correa*, 108 Ill. 2d 541, 546, 485 N.E. 2d 307, 308-09 (1985). This is exceptionally important to remember here, where, the majority admits, the petitioner has a meritorious claim."

"I would find, absent a factual finding to the contrary supported by evidence of record, that Simpson's allegation that his delay in filing was caused by his learning disability, taken in light of the circuit court's failure to act on Simpson's notice of appeal from the denial of his notion for an extension of time, the delay in acting on his motion for documents from the State necessary to prepare his petition, and the amount of time he was made to wait for resolution of his various motions and appeals, that Simpson has established that the delay in filing the November 2001 petition was not due to his culpable negligence. I would, therefore, reverse the order of the circuit court of Will County. Accordingly, I respectfully dissent."

Petitioner's trial, as a whole, was rendered fundamentally unfair. The ultimate goal of habeas corpus is to provide justice. The explicit mandatory language of the felony murder statute has created a protected liberty interest by outlining the criteria of what elements or actions constitute a crime. The State has arbitrarily charged petitioner with a crime that doesn't exist and amounts to a violation of due process rendering his entire trial unfair. A violation of a federal constitutional guarantee is cognizable in a federal habeas petition. *Hicks v. Oklahoma*, 447 U.S. 343 (1980)(stating that due process is violated if a defendant is arbitrarily denied a right guaranteed under state law.)

7

The decision in *People v Johnson*, 305 Ill. App. 3d 102, 711 N.E. 2d 787 (1999) did not changed the law as it applied to the petitioners case. In *Johnson*, the court vacated his conviction for felony murder because it was predicated on a finding that Johnson had committed a burglary. *Johnson*, 305 Ill. App. 3d at 105, 711 N.E. 2d at 789. The burglary for which Johnson had been convicted had taken place in a dwelling. The court noted that although burglary was a predicate felony for a charge of felony murder, residential burglary was not. *Johnson*, 305 Ill. App. 3d at 104, 711 N.E. 2d at 787. In referring to *People v Childress*, 158 Ill. 2d 275, 302, 633 N.E. 2d 635, 647 (1994), *superceded by statute as recognized in People v Taylor*, 345 Ill. App. 3d 286, 802 N.E. 2d 402 (2003), the court noted that, although not articulating a new rule of law, the court in *Childress* had declared burglary and residential burglary two separate, mutually exclusive offenses. *Johnson*, 305 Ill. App. 3d at 104, 711 N.E. 2d at 788. The court concluded that since the crime in *Johnson*, occurred in the victim's home, a dwelling place, the petitioner, as matter of law, could not have been guilty of simple burglary; therefore, the petitioner's conviction for felony murder predicated upon burglary could not stand. *Johnson*, 305 Ill. App. 3d at 104, 711 N.E. 2d at 787.

To be charged with a crime that doesn't exist, or cannot exist, according to criteria of Illinois law, has resulted in a fundamental miscarriage of justice. *Murray v. Carrier*, 447 U.S. 478, 495-96 (1986).

According to the United States Supreme Court, "[a} judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as *after* the decision of the case giving rise to that construction." *Rivers v Roadway Express, Inc.*, 511 U.S. 298, 114 S.Ct. 1510, 128 L.Ed.2d 274(1994).

8

The *Johnson* decision was an interpretation of the statute, which properly reflected for the first time that a residential burglary could not be a predicated offense to support a felony murder conviction. This interpretation must apply to everyone, because the same statutes "cannot mean one thing prior to a Court's interpretation and something entirely different afterwards. *Magnuson v United States, 861 F.2d 166 (7th Cir. 1988)*.

Due process and Equal Protection require Illinois to apply the statutory construction rule in *Johnson* to everyone affected by a felony murder conviction predicated on a residential burglary. The appellate court admits that an error exists but refuses to remedy the error. Charging a felony murder without an underlying felony is a structural defect which defies a harmless error analysis as it had a substantial and injurious effect in determining the verdict.

## CONCLUSIUON

This Court should find that the petitioner has shown cause why his habeas petition should not be dismissed as time barred for the reasons stated within.

Respectfully Submitted,

William F. Simpson Jr.
Reg. No. B50864
P.O. Box 711
Menard, Il., 62259

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel.,) <br> WILLIAM F. SIMPSON JR, ) <br> Petitioner, ) <br> ) <br> -vs- ) <br> ) <br> DONALD HULICK, Warden, ) <br> ) <br> Respondent, ) | No. 08 C 1414 <br><br> The Honorable <br> RUBEN CASTILLO <br> Judge Presiding |

## PROOF OF SERVICE

TO: PRISONER CORROSPONDENT UNIT
219 S. DEARBORN
CHICAGO, ILLINOIS 60604

TO: ASSISTANT ATTORNEY GENERAL
100 WEST RANDOLPH ST. 12th FLOOR
CHICAGO, ILLINOIS 60604

 Please be advised that I shall file with the the United States District Court, Northern District of Illinois, Eastern Division Petitioner's Motion to Reconsider on this __25__ day of April 2008.
 This certifies that I have served the above named parties by placing said documents in the U.S. MAIL at the Menard Correctional Center, Menard Illinois on the __30__ day of April 2008.
 I declare under the penalty of perjury that the enclosed documents are true and correct.

Respectfully Submitted,<br>
<i>[signature]</i><br>
William F. Simpson Jr. B50864<br>
P.O. Box 711<br>
Menard, Illinois 62259

1