## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1414 | **DATE** | May 14, 2008 |
| **CASE TITLE** | U.S. ex rel. William F. Simpson Jr. (#B-50864) vs. Warden Donald Hulick, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to show cause why his habeas corpus petition should not be dismissed [#13] is granted. However, his motion for reconsideration [#14] is denied. The case remains closed.

■ [**For further details see text below.**]   Docketing to mail notices.

### STATEMENT

William F. Simpson, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges, on multiple grounds, his 1993 conviction for murder with intent to kill or injure.

By Minute Order of March 18, 2008, the court granted the petitioner's motion for leave to proceed *in forma pauperis* but ordered him to show good cause in writing why the petition should not be dismissed as time-barred. The court subsequently dismissed the case in light of the petitioner's failure to respond to that court order. *See* Minute Order of April 16, 2008.

The petitioner now states that he never received the court's show cause order. Accordingly, his "motion to show cause" at this time is granted. However, the court remains satisfied that it properly dismissed the habeas petition on preliminary review.

As discussed in the court's Minute Order of March 18, 2008, under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing **(CONTINUED)**

mjm

**STATEMENT (continued)**

an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

In this case, the petitioner filed a direct appeal; however, he indicates that he raised "no issues" and sought only a sentence reduction. The petitioner then waited until 2001 to file a post-conviction petition in state court. The post-conviction petition, the petitioner concedes, was dismissed as "untimely and frivolous." The federal petition for a writ of habeas corpus now before the court was received on March 10, 2008.

An untimely post-conviction petition is not "properly filed." *See Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). The federal court must defer to the state courts' determination that the petitioner's post-conviction petition was untimely. *Id.* at 576.

The petitioner notes that one of the appellate judges dissented from the majority opinion holding that the delay in filing an amended post-conviction petition was due to the petitioner's culpable negligence. However, only the majority opinion is binding. Because the state court system found that the post-conviction petition was untimely, it did not toll the one-year period of limitations applicable to federal habeas corpus petitions. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997).

In any event, the time for seeking federal habeas review had already expired by the time the petitioner pursued collateral relief. If a habeas petitioner were able to precipitate a new limitations period simply by filing a belated motion or post-conviction petition, that loophole would completely eviscerate A.E.D.P.A.

For the foregoing reasons, the court remains satisfied that the petition was properly dismissed on the alternative ground of being time-barred. The case therefore remains closed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.